Stephen C. Jensen (SBN 149,894)
Stephen.Jensen@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
Doug.Muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
Perry.Oldham@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff and Counterdefendant
NOMADIX, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SECOND RULE LLC,<br>a Delaware limited liability company,<br><br>Defendant.<br><hr>AND RELATED COUNTERCLAIMS. | Civil Action No.<br><br>CV07-01946 DDP (VBKx)<br><br>**PRELIMINARY INJUNCTION**<br><br>Honorable Dean D. Pregerson |

The Court, having considered the submissions of Plaintiff Nomadix, Inc. ("Nomadix"), including the *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("the Application"), the Memorandum of Points and Authorities in Support of the Application, the Declaration of Douglas G. Muehlhauser and the exhibits thereto, the Declaration of Craig Scott, and, noting in particular (1) that the application for leave to withdraw submitted by Second Rule's counsel was granted by Order dated January 29, 2009, and Second Rule is presently unrepresented; (2) that because no attorney entered an appearance on behalf of Second Rule as of February 12, 2009, the Court, pursuant to its January 29, 2009 Order, struck Second Rule's Answer on February 17, 2009; (3) that by the February 17, 2009 deadline set by the Court, Second Rule did not respond to the Court's January 30, 2009 Order to show cause why a preliminary injunction should not issue; and (4) that good and sufficient cause appearing therefore; hereby enters this Preliminary Injunction and ORDERS as follows:

Second Rule, its successors in interest, officers, directors, employees, agents, and servants (including, but not limited to, Andrew Marshall, David Adelman, and Christopher Bradley), and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, are hereby preliminarily enjoined from the following acts:

   (a)   selling, offering for sale, transferring, disposing of, conveying, abandoning, or otherwise alienating any NetAccess gateways, or directly or indirectly infringing Claims 5, 6 and 8 of U.S. Patent No. 6,130,892; Claims 11, 12, 13, 15, 17, 19 and 20 of U.S. Patent No. 7,088,727; Claims 1, 5, 6, 7, 8, 9 and 10 of U.S. Patent No. 6,636,894; Claims 1, 3, 4, 6, 8, 13, 15, 16, 18, 20 and 21 of U.S. Patent No.

6,868,399; and Claims 1, 2, 6, 8, 23, 24, 28 and 30 of U.S. Patent No. 6,857,009 (the "Asserted Patent Claims") in any way;

(b)    selling, offering for sale, transferring, disposing of, conveying, abandoning, or otherwise alienating any version of the software in any form (e.g., executable, source code, etc.) operating on or designed for operation on a NetAccess gateway;

(c)    selling, offering for sale, transferring, disposing of, conveying, abandoning, or otherwise alienating any intellectual property embodied in the NetAccess gateways, including copyrights in the software code;

(d)    contributing to or inducing any third party to infringe any of the Asserted Patent Claims, including, but not limited to, by providing support or service to users of NetAccess gateways;

(e)    modifying, revising, updating, deleting, or changing in any way the current version of the software for Second Rule's NetAccess gateways, as well as all other gateways running NetAccess software provided by Second Rule;

(f)    modifying, revising, updating, deleting, or changing in any way the current web address (*i.e.*, register.ip3.com) for the server that communicates with and/or maintains the functionality of Second Rule's NetAccess gateways, as well as all other gateways running NetAccess software provided by Second Rule;

(g)    modifying, revising, updating, deleting, or changing in any way the current hardware for the server that communicates with and/or maintains the functionality of Second Rule's NetAccess gateways, as well as all other gateways running NetAccess software provided by Second Rule;

-2-

1           (h)    selling,    offering    for    sale,    transferring,    disposing    of,
2    conveying, abandoning, or otherwise alienating the current hardware and
3    software for the server that communicates with and/or maintains the
4    functionality of Second Rule's NetAccess gateways, as well as all other
5    gateways running NetAccess software provided by Second Rule; and
6           (i)    assisting another in any way to make, use, sell, offer to sell
7    or support any Second Rule NetAccess gateway or any version or
8    derivative of the NetAccess software provided by Second Rule.
9
10   **IT IS SO ORDERED.**
11
12   Dated: February 20, 2009
13
14                   HONORABLE DEAN D. PREGERSON
                         U.S. District Judge
15
16
17
18
19
20
21
22
23
24
25
26
27
28